# EXHIBIT A

| | |
|---|---|
| State of Illinois | ) |
| | ) ss |
| County of St. Clair | ) |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF COMPLAINT FOR FORFEITURE

I, Adam Krack, declare under penalty of perjury the following:

At all relevant times, I have been a Special Deputized Task Force Officer for the United States Secret Service ("USSS"). The contents of this Declaration are based on information provided to me during the course of my investigation from participants in the criminal activity, from other witnesses, and from other law enforcement officers.

1. On or about June 6, 2022, the O'Fallon Police Department, O'Fallon, St. Clair County, Illinois, was contacted by an O'Fallon resident (E.J.) who reported that she was a victim of fraud in the amount of approximately $32,000 USD.

2. On or about May 15, 2022, E.J. stated that she believed she was communicating with Kevin Cage on Twitter. E.J. described Kevin Cage as an influencer /celebrity and is associated with investing with Twitter. The Twitter account E.J. was communicating with was @kevln_cage_ and not the actual account that is @kevin_cage_. E.J. was communicating via Twitter Direct Message and was told to register on the website '3Twarriorstrading.com', and to deposit Bitcoin (BTC) funds for training and trades would be made on her behalf. E.J. was told she would be able to withdraw funds and conduct her own trading after the 7-day trading period. E.J. later reviewed the Twitter handle she was communicating with and discovered the account was an imposter account.

3. E.J. advised the suspect moved communications to WhatsApp and began using the phone number 408-409-5893 where she was instructed to deposit Bitcoin to address bc1q2z774wlphddpsjml32vwrh5f37zysgg7y220fy (referred to as 'bc1q2z').

4. On or about May 15, 2022, E.J. made two transfers from her Crypto.com account in the amount of approximately 0.326 Bitcoin (based on the average daily price, this is approximately $9,986.52) to the 'bc1q2z' address. After seeing purported gains in her '3Twarriorstrading.com' account, E.J. made two additional transfers between the dates of approximately May 19, 2022, and May 23, 2022, in the amount of approximately 0.75676329 Bitcoin from her crypto.com and D'cent.com accounts to the 'bc1q2z' address (based on the average daily price; this is approximately $22,675.60). In total, E.J. sent approximately 1.08276329 Bitcoin (based on the average daily price for each transaction, this is approximately $32,662.12) to the 'bc1q2z' address.

5. E.J. started questioning the account when they requested transactions faster than it could be approved on the blockchain. E.J. attempted to withdraw her money but was denied. E.J. asked her contact to return the money she invested while having communication with the WhatsApp account, and they told her she would have to transfer a $10,000 withdrawal fee to get her money back.

6. Based on analysis performed by law enforcement, E.J.'s four Bitcoin transactions sent to the 'bc1q2z' address are located on the Bitcoin blockchain. Further analysis of the 'bc1q2z' address identified that following the receipt of E.J.'s Bitcoin into the 'bc1q2z' address, the funds were then transferred on or about the same day to address 1NAVdj5ZWWXuXpG7PfeEVwnPDeWRs59Ncb (referred to as '1NAVdj' address).

7. For example, on or about May 15, 2022, E.J. sent approximately .225 Bitcoin to the 'bc1q2z' address. Continuing the same day, 0.2244 Bitcoin (minus a transaction fee of 0.00001921 Bitcoin) was sent from the 'bc1q2z' address to the '1NAVdj' address. This transaction is recorded on the Bitcoin blockchain with transaction hash 8a26803df66335322d88cbb13a0e2bf2144b9e3dc196f8aeb9247742c2ea600b.

8. For example, on or about May 19, 2022, E.J. sent approximately 0.48 Bitcoin to the 'bc1q2z' address. Continuing the same day, 0.4794 Bitcoin (minus a transaction fee of 0.00001808 Bitcoin) was sent from the 'bc1q2z' address to the '1NAVdj' address. This transaction is recorded on the Bitcoin blockchain with transaction hash a939eb4129bd858daf68ea430d9fb5266953018b9bc78ce53097113e7f72dde9.

9. Based on blockchain analysis, the '1NAVdj' address is associated with the cryptocurrency exchange Binance.

10. On or about Wednesday, June 8, 2022, law enforcement requested the account information associated with address 1NAVdj5ZWWXuXpG7PfeEVwnPDeWRs59Ncb from Binance. Binance confirmed that this address is associated with User ID 46087557. Binance provided the identifiers that are associated with Binance User ID 46087557. According to Binance records, Binance User ID 46087557 is in the name of EFEOGHENE GREATNES OBOGHENEMIEPHA, whose account was registered on or about August 4, 2020, utilizing a Federal Republic of Nigeria National Driver's License.

11. Analysis of the Binance user's activity shows the four Bitcoin deposits from the bc1q2z address which received the deposits from E.J. Further analysis by law enforcement shows that the Bitcoin received by Binance User ID 46087557 was then comingled with other funds in the user account and withdrawn.

12. Binance confirmed that the account of Binance User ID 46087557 holds a balance of approximately 14.7 Ethereum (with a converted Bitcoin value of 1.15950553 that translates to approximately $24,404 depending on the market conditions).

13. Based on analysis of the IP addresses utilized to access the user's account, the user's account is primarily accessed utilizing IP addresses that geolocate to locations outside the United States, including South Africa and Nigeria. Based on the user's account information, as

well as identity documents and access logs, law enforcement does not believe the individual resides within the United States.

14. Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

15. Section 984 (a) provides in part:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution
>
>> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

16. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

17. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

18. On September 8, 2022, agents with the USSS seized 14.77997889 Ethereum (ETH) cryptocurrency from Binance account User ID 46087557.

19. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that the 14.77997889 Ethereum (ETH) cryptocurrency seized from Binance account User ID 46087557:

    a. Are funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses, committed in violation of 18 U.S.C. § 1343;

    b. Were involved in a money laundering violation of 18 U.S.C. § 1956 and 1957;

    c. Are subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C);

    d. Are subject to forfeiture in the United States under 18 U.S.C. sections 981(b) and 981(b)(3).

Pursuant to 28 U.S.C. ' 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of September, 2022.

Adam Kraok
Task Force Officer
United States Secret Service